No. 23-12995-A

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

**SABRINA WATKINS and SUSAN DENICE KELLY**,

*Plaintiffs-Appellants*,

v.

**KENDALL PATIENT RECOVERY U.S., LLC**,

*Defendant-Appellee.*

---

On Appeal from the United States District Court
For the Southern District of Georgia, Augusta Division,
Case No. 1:21-cv-00112
The Honorable J. Randal Hall

## PLAINTIFFS-APPELLANTS' RESPONSE TO JURISDICTIONAL QUESTIONS

Ryan D. Andrews
randrews@edelson.com
Roger Perlstadt
rperlstadt@edelson.com

EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: 312.589.6370 / Fax: 312.589.6378

*Counsel for Plaintiffs-Appellants*

Appeal No. 23-12995-A
*Sabrina Watkins, et al. vs. Kendall Patient Recovery US LLC*

# Amended* Certificate of Interested Persons and Corporate Disclosure Statement

Pursuant to Eleventh Circuit Rule 26.1-2(a), the following trial judges, attorneys, persons, association of persons, firms, partnerships, and corporations are believed to have an interest in the outcome of this case or appeal:

Andrews, Ryan (Counsel for Plaintiffs-Appellants)

Bailey, Charles (Counsel for Plaintiffs-Appellants)

Baker & Hostetler LLP (Counsel for Defendant-Appellee)

Bauer, S. Derek (Counsel for Defendant-Appellee)

Cardinal Health, Inc., NYSE: CAH (Owner of Innerdyne Holdings, Inc.)

Connolly, Sutton (Counsel for Plaintiffs-Appellants)

Cook & Connelly, LLC (Counsel for Plaintiffs-Appellants)

Edelson PC (Counsel for Plaintiffs-Appellants)

Fleming & Nelson, LLP (Counsel for Defendant-Appellee)

---

\*    The only amendments to the certificate originally filed by Plaintiffs-Appellants on September 28, 2023 (dkt. 7) are the correction of two spelling errors identified by Defendant-Appellee on October 6, 2023 (dkt. 11).

Appeal No. 23-12995-A
*Sabrina Watkins, et al. vs. Kendall Patient Recovery US LLC*

Fleming, Barry (Counsel for Defendant-Appellee)

Hall, J. Randal (District Court Judge)

Innerdyne Holdings, Inc. (Owner of Kendall Patient Recovery U.S., LLC)

Kelly, Susan Denice (Plaintiff-Appellant)

Kendall Patient Recovery U.S., LLC (Defendant-Appellee)

Knudsen, Renee M. (Counsel for Defendant-Appellee)

Nelson, Frank (Counsel for Defendant-Appellee)

Ovca, Michael (Counsel for Plaintiffs-Appellants)

Perlstadt, Roger (Counsel for Plaintiffs-Appellants)

Richman, Ben (Counsel for Plaintiffs-Appellants)

Thurlow, Matthew (Counsel for Defendant-Appellee)

Watkins, Sabrina (Plaintiff-Appellant)

Williams, Paul (Counsel for Defendant-Appellee)

## RESPONSE TO JURISDICTIONAL QUESTIONS

In response to this Court's Jurisdictional Questions of October 5, 2023, Plaintiffs-Appellants Sabrina Watkins and Susan Denice Kelly state as follows:

**I.     Ethel Evans's Voluntary Dismissal Was Valid and Effective.**

On October 20, 2021, Ethel Evans filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) dismissing all her claims against the only defendant in the action, Kendall Patient Recovery U.S., LLC ("KPR"). Dkt. 25. Proceeding by notice under Rule 41(a)(1)(A)(i)—rather than by motion under Rule 41(a)(2)—was proper because KPR had not yet filed "either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Regardless, even if notice alone under Rule 41(a)(1)(A)(i) was insufficient and a court order was required under Rule 41(a)(2)—because, for example, KPR had filed a motion to dismiss that presented matters outside the pleadings, dkt. 10, which could thus potentially warrant treating it as a motion for summary judgment, *see* Fed. R. Civ. P. 12(d)—the district court entered an order the day after Ms. Evans filed her notice dismissing her claims without prejudice. Dkt. 28. Thus, whether by notice under Rule 41(a)(1)(A)(i) or court order

under Rule 41(a)(2), Ethel Evans's claims were voluntarily dismissed.

This dismissal was valid and effective even though other plaintiffs continued to pursue their claims against KPR. While Rule 41 refers to dismissal of an "action," a single plaintiff in a multi-plaintiff case can voluntarily dismiss all her claims under Rule 41. Though this Court has not explicitly addressed Rule 41 in this precise context, it has discussed operation of that rule in the related situation where a plaintiff seeks to voluntarily dismiss all her claims against a single defendant in a multi-defendant case. Though the general rule is that a plaintiff cannot dismiss less than all of her claims because "the word 'action' refers to an entire lawsuit and not just particular claims within it," a plaintiff can dismiss all of her claims against a particular defendant in a case involving multiple defendants. *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, No. 22-12419, 2023 WL 5944193, at *3 (11th Cir. Sept. 13, 2023). As this Court has explained "that exception (if it can be called that) is compatible with the rule's text because in a multi-defendant lawsuit, an 'action' can refer to all the claims against one party." *Rosell v. VMBS, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023). That reasoning applies equally to individual plaintiffs in a multi-plaintiff case: if

2

"action" can refer to all the claims *against* one party, it can refer to all the claims *by* one party. Consequently, though Ethel Evans was one of many plaintiffs, she dismissed all her claims—her entire "action"—against KPR.

In any case, even if her voluntary dismissal were not valid and effective, her claims are not "still pending before the district court." *Id.* at 1144. The district court's September 23, 2022, order resolved all claims remaining in the case and judgment was entered accordingly. Dkts. 37, 38. That order dismissed on the merits the claims of Sabrina Watkins, Susan Kelly, and Alopecia Armstrong (the first two of whom are Appellants here), while the claims of "all the other Plaintiffs" were dismissed for lack of Article III standing. Dkt. 37 at 34; *see also* dkt. 38 (entering judgment against Ms. Watkins, Ms. Kelly, Ms. Armstrong, "and all other Plaintiffs"). Thus, to the extent Ethel Evans's claims had not previously been dismissed voluntarily, they were dismissed as part of the September 23, 2022, order and judgment. Either way, the result is the same: all of Ms. Evans's claims have been dismissed without prejudice. The district court has adjudicated "all claims against all parties," and its September 23, 2022, decision is thus final and

3

appealable. *Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1345 (11th Cir. 2022).

## II.  The Parties Are of Diverse Citizenship.

Plaintiffs' original complaint, which invoked the district court's diversity jurisdiction, alleged that all plaintiffs were natural persons and citizens of either Georgia or South Carolina. Dkt. 1 ¶¶ 6, 7, 9. No allegations were made in that complaint about Felicia Lambert (jurisdictional or otherwise) because she was not a plaintiff in this action. While her name was inadvertently included in the case caption of the original complaint, her claims against KPR were raised in a separate action filed the same day. *See Lambert v. Kendall Patient Recovery U.S., LLC*, No. 1:21-cv-00111 (S.D. Ga. July 19, 2021).

The original complaint did not sufficiently allege KPR's citizenship. That said, the proposed First Amended Complaint that plaintiffs submitted to the district court alleged that KPR is a limited liability company whose sole member/owner is InnerDyne Holdings, Inc., a Delaware corporation with its principal place of business in Ohio. Dkt. 39-1 ¶ 7. That is sufficient to allege that KPR is a citizen of Delaware and Ohio, and thus of diverse citizenship to all plaintiffs

4

below. *See Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

Dated: October 18, 2023       Respectfully submitted,

**SABRINA WATKINS and SUSAN DENICE KELLY**,

By: s/ Roger Perlstadt
*One of Their Attorneys*

Ryan D. Andrews
randrews@edelson.com
Roger Perlstadt
rperlstadt@edelson.com

EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiffs-Appellants*